CUSTODY, FORF, NRESTRAINT, TERMINATED,

# U.S. District Court
## District of Oregon (Portland (3))
## CRIMINAL DOCKET FOR CASE #: <u>3:15−cr−00394−BR</u>−1

Case title: USA v. Van et al

Date Filed: 11/04/2015
Date Terminated: 12/12/2017

Assigned to: Judge Anna J. Brown

**<u>Defendant (1)</u>**

| | |
|---|---|
| **Hiep Cong Van**<br>50324−048<br>*TERMINATED: 12/12/2017* | represented by **Ruben L. Iniguez**<br>Office of the Federal Public Defender<br>101 SW Main Street<br>Suite 1700<br>Portland, OR 97204<br>503−326−2123<br>Fax: 503−326−5524<br>Email: ruben_iniguez@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Public Defender or Community*<br>*Defender Appointment*<br><br>**Richard Edward Neel Federico**<br>Office of the Federal Public Defender<br>District of Oregon<br>101 SW Main Street<br>Suite 1700<br>Portland, OR 97204<br>503−326−2123<br>Fax: 503−326−5524<br>Email: rich_federico@fd.org<br>*TERMINATED: 01/25/2017*<br>*Designation: Public Defender or Community*<br>*Defender Appointment* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| 18:1349 CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD<br>(1) | Second Judgment Amended 2/27/18, for Modification of Restitution Order. RESTITUTION: $2,906,874.00 Joint and Several. Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty−Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant |

| | |
|---|---|
| | ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27 |
| | Second Judgment Amended 2/27/18, for Modification of Restitution Order. RESTITUTION: $2,906,874.00 Joint and Several. Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty−Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27 |

18:1957 and 2 MONEY
LAUNDERING
(27)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1341 MAIL FRAUD (2−11) | |
| 18:1343 WIRE FRAUD (12−19) | DISMISSED |
| 18:1956(h) CONSPIRACY TO COMMIT MONEY LAUNDERING (20) | DISMISSED |
| 18:1957 and 2 MONEY LAUNDERING (21−26) | DISMISSED |
| 18:1957 and 2 MONEY LAUNDERING (28−31) | DISMISSED |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Scott E. Bradford** |
| | | United States Attorney's Office |
| | | 1000 S.W. Third Avenue |
| | | Suite 600 |
| | | Portland, OR 97204 |
| | | 503−727−1040 |
| | | Fax: 503−727−1117 |
| | | Email: scott.bradford@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |

Email All Attorneys

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 11/04/2015 | 1 | | Indictment as to Hiep Cong Van (1) count(s) 1, Conspiracy to Commit Mail and Wire Fraud 2−11, Mail Fraud 12−19, Wire Fraud 20, Conspiracy to Commit Money Laundering 21−31, Money Laundering. Thy Minh Phan (2) count(s) 1, Conspiracy to Commit Mail and Wire Fraud 2−11, Mail Fraud 12−19, Wire Fraud 20, Conspiracy to Commit Money Laundering 21−31, Money Laundering (Forfeiture Allegation.) (schm) Modified on 11/9/2015, indictment unsealed by order #9 (schm). (Entered: 11/05/2015) |
| 11/04/2015 | 2 | | Indictment  Unredacted Version Filed Under Seal as to Defendant Hiep Cong Van, Thy Minh Phan. (Forfeiture Allegation.) (schm) (Entered: 11/05/2015) |
| 11/04/2015 | 3 | | Defendant Information Relative to a Criminal Case Sheet as to Defendant Hiep Cong Van. (In accordance with Fed. R. Crim. P. 49.1 this form document containing personal data identifiers is filed under seal). (schm) (Entered: 11/05/2015) |
| 11/04/2015 | 7 | | Notice of Case Assignment to Judge Anna J. Brown. (schm) (Entered: 11/05/2015) |
| 11/05/2015 | 8 | | Motion to Unseal Indictment filed by USA as to Defendant Hiep Cong Van, Thy Minh Phan. (schm) (Entered: 11/05/2015) |
| 11/06/2015 | 9 | | ORDER Granting 8 Motion to Unseal Case as to Hiep Cong Van (1), Thy Minh Phan (2)Signed on 11/6/15 by Judge Anna J. Brown. (schm) (Entered: 11/09/2015) |
| 11/23/2015 | 10 | | Documents Received From Other Court as to Hiep Cong Van from District of Nevada (Las Vegas) Case No: 2:15−mj−00860−VCFInitial Appearance/Arraignment is set for 11/23/2015 at 01:30PM in Portland before Magistrate Judge Dennis J. Hubel. (schm) (Entered: 11/23/2015) |
| 11/23/2015 | 11 | | Financial Affidavit − CJA23  (document filed under seal) by Hiep Cong Van (schm) (Entered: 11/23/2015) |
| 11/23/2015 | 14 | | **Minutes of Proceedings:** First Appearance, Arraignment, and Detention Hearing before Magistrate Judge Dennis J. Hubel as to Defendant Hiep Cong |

| | | | |
|---|---|---|---|
| | | | Van (1). Order appointing Richard Federico as counsel. Arraignment held for Defendant Hiep Cong Van (1) Count 1,2−11,12−19,20,21−31. Defendant waived reading of the Indictment. Defendant proceeds as named. Defendant advised of rights. Not guilty plea(s) entered. Order that Discovery is due in 14 days. Defendant's Location−Custody status is: Detained: Flight. A 4 day Jury Trial is set for 1/26/2016 at 09:00AM in Portland Courtroom 14A before Judge Anna J. Brown.Counsel Present for Plaintiff: Scott Bradford.Counsel Present for Defendant: Richard Federico.(Court Reporter Amanda LeGore) (jlr) Modified on 12/21/2015 to reflect correct trial date of 1/26/16 (not 2015)(jlr). (Entered: 11/23/2015) |
| 11/23/2015 | 15 | | Order of Detention as to Defendant Hiep Cong Van (1).Signed on 11/23/15 by Magistrate Judge Dennis J. Hubel (jlr) (Entered: 11/23/2015) |
| 11/24/2015 | 19 | | Arrest Warrant Returned Executed on 11/5/15, in Las Vegas as to Hiep Cong Van. (schm) (Entered: 12/02/2015) |
| 12/02/2015 | 21 | | Case Management Order as to Hiep Cong Van, Thy Minh Phan. Signed on 12/2/2015 by Judge Anna J. Brown. (bb) (Entered: 12/02/2015) |
| 12/14/2015 | 28 | | **SCHEDULING ORDER** as to Hiep Cong Van (USM #50324−048). At the request of defense counsel, a review of detention hearing is set for **Monday, December 21, 2015 at 01:30 PM** in Portland Courtroom 9B before the duty magistrate. Ordered on 12/14/2015 by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 12/14/2015) |
| 12/16/2015 | 29 | | Request for Discovery by Hiep Cong Van (Federico, Richard) (Entered: 12/16/2015) |
| 12/21/2015 | 30 | | AMENDED Scheduling Order by Magistrate Judge Janice M. Stewart as to Hiep Cong Van (1) (USM #50324−048). Document 14 is amended to reflect that the Jury Trial is set for 1/26/2016 at 09:00AM (not 2015), in Portland Courtroom 14A before Judge Anna J. Brown. (jlr) (Entered: 12/21/2015) |
| 12/21/2015 | 31 | | **Minutes of Proceedings:** Status Hearing re: Review of Detention before Magistrate Judge Stacie F. Beckerman as to Defendant Hiep Cong Van (1) held 12/21/15. Order: Defendant's detention status remains unchanged. Counsel Present for Plaintiff: Scott Bradford. Counsel Present for Defendant: Richard Federico. (Court Reporter Bonita Shumway). (gm) (Entered: 12/21/2015) |
| 12/22/2015 | 32 | | Motion for Review and Revocation of Detention Order re Order of Detention 15 by Defendant Hiep Cong Van. (Attachments: # 1 Exhibit 1: Appearance Bond, # 2 Exhibit 2: Letter, # 3 Exhibit 3: Sentence Order, # 4 Exhibit 4: Invoice) (Federico, Richard) (Entered: 12/22/2015) |
| 12/23/2015 | 33 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. Hearing on Defendant's Motion 32 for Review and Revocation of Detention Order re Order of Detention 15 . Detention Hearing is SET for 12/28/2015 at 10:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. (bb) (Entered: 12/23/2015) |
| 12/28/2015 | 34 | | **Minutes of Proceedings:** Review of Detention Hearing before Judge Anna J. Brown as to Hiep Cong Van. Granting Defendant's Motion for Review and Revocation of Detention Order 32 subject to the conditions as placed on the |

| | | | |
|---|---|---|---|
| | | | record. Defendant to be released at the direction of the pretrial services officer. Continued review of detention hearing set for 01/04/2016 at 9:30 AM if defendant is still in custody. Counsel Present for Plaintiff: Scott Bradford.Counsel Present for Defendant: Richard Federico.(Court Reporter Amanda LeGore) (bb) (Entered: 12/28/2015) |
| 01/04/2016 | 35 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. Due to inclement weather, the Review of Detention Hearing set for 01/04/2016 is VACATED and is RESET for 1/5/2016 at 03:30 PM in Portland Courtroom 14A before Judge Anna J. Brown. (bb) (Entered: 01/04/2016) |
| 01/05/2016 | <u>36</u> | | **Order Setting Conditions of Release** as to Defendant Hiep Cong Van. Signed on 01/05/2015 by Judge Anna J. Brown. (emcu). (Entered: 01/05/2016) |
| 01/05/2016 | 37 | | **Minutes of Proceedings:** Review of Detention Hearing held before Judge Anna J. Brown as to Hiep Cong Van. Defendant ordered released after processing. Federal Agents to maintain control of Defendant's passport. Counsel Present for Plaintiff: Geoffrey Barrow for Scott Bradford.Counsel Present for Defendant: Richard Federico.(Court Reporter Amanda LeGore) (bb) (Entered: 01/06/2016) |
| 01/13/2016 | <u>38</u> | | Joint Motion to Continue / Reset *Trial Date* by Defendant Hiep Cong Van, Thy Minh Phan. (Federico, Richard) (Entered: 01/13/2016) |
| 01/13/2016 | <u>39</u> | | Declaration by Rich Federico regarding Joint Motion to Continue / Reset *Trial Date* <u>38</u> filed by Defendant Hiep Cong Van, Defendant Thy Minh Phan (Federico, Richard) (Entered: 01/13/2016) |
| 01/20/2016 | 40 | | Order by Judge Anna J. Brown. Granting Defendants first Joint Motion to Continue Trial <u>38</u> as to Hiep Cong Van and Thy Minh Phan. The 2–week Jury Trial set for 01/26/2016 is STRICKEN and RESET for 05/03/2016 at 9:00 AM in Portland, Courtroom 14A. Pursuant to 18 U.S.C. §3161(h)(7)(A), the Court specifically finds, in granting the motion, that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant the requested continuance is likely to result in a miscarriage of justice (§3161(h)(7)(B)(i)) and likely would deny Defendants counsel the reasonable time necessary for effective preparation taking into account the exercise of due diligence (§3161(h)(7)(B)(iv). In support of this finding, the Court further finds the requested delay for the purpose of completing pretrial investigation, and consultation with defendant is reasonable and necessary and therefore, the time from 01/26/2016 to 05/03/2016 is properly excludable according to law. (bb) (Entered: 01/20/2016) |
| 04/06/2016 | <u>41</u> | | **Order Modifying Conditions of Release** as to Defendant Hiep Cong Van (1). Signed on 4/6/16 by Magistrate Judge Paul Papak. (gm) (Entered: 04/06/2016) |
| 04/22/2016 | <u>42</u> | | Joint Motion to Continue / Reset filed by Thy Minh Phan as to Defendant Hiep Cong Van, Thy Minh Phan. (Attachments: # <u>1</u> Attachment Declaration) (Audet, David) (Entered: 04/22/2016) |
| 05/02/2016 | 43 | | Order by Judge Anna J. Brown. Granting Defendants second Joint Motion to Continue Trial <u>42</u> as to Hiep Cong Van and Thy Minh Phan. The 4–day Jury Trial set for 05/03/2016 is STRICKEN and RESET for 08/02/2016 at 9:00 AM in Portland, Courtroom 14A. Pursuant to 18 U.S.C. §3161(h)(7)(A), the |

| | | | |
|---|---|---|---|
| | | | Court specifically finds, in granting the motion, that the ends of justice outweigh the best interests of the public and the defendant in a speedy trial because the failure to grant the requested continuance is likely to result in a miscarriage of justice (§3161(h)(7)(B)(i)) and likely would deny Defendants counsel the reasonable time necessary for effective preparation taking into account the exercise of due diligence (§3161(h)(7)(B)(iv). In support of this finding, the Court further finds the requested delay for the purpose of completing pretrial investigation, and consultation with defendant is reasonable and necessary and therefore, the time from 05/03/2016 to 08/02/2016 is properly excludable according to law. (bb) (Entered: 05/02/2016) |
| 06/06/2016 | 44 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. At the request of defense counsel, a Change of Plea Hearing is SET for 6/30/2016 at 11:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. (bb) (Entered: 06/06/2016) |
| 06/20/2016 | 45 | | Motion for Noncustodial Transport Order by Defendant Hiep Cong Van. (Attachments: # 1 Proposed Order) (Federico, Richard) (Entered: 06/20/2016) |
| 06/21/2016 | 46 | | ORDER Granting 45 Motion for NonCustodial Transport as to Hiep Cong Van (1). HEREBY ORDERS the U.S. Marshal to furnish fare for transportation from Denver International Airport to Portland International Airport on June 29, 2016, for the change of plea hearing scheduled for June 30, 2016 at 11 :00 a.m., and for subsistence expenses to this destination, the U.S. District Court in Portland, Oregon, not to exceed the per diem allowance for travel under 5 U.S.C. §5702(a).Signed on 6/21/16 by Judge Anna J. Brown. Three certified copies placed in the USM box on this date. (schm) (Entered: 06/22/2016) |
| 06/30/2016 | 47 | | **Minutes of Proceedings:** Entry of Plea Hearing before Judge Anna J. Brown for Defendant Hiep Cong Van. Defendant sworn and examined. Defendant advised of rights. Plea Petition and Plea Agreement signed and accepted by the Court. Government summarized charges and terms of plea agreement. Court finds defendant capable and competent to enter plea. Guilty plea entered to Counts 1 and 27 of the Indictment. Court finds guilty plea to be knowing and voluntary. ORDER – Presentence Report to be prepared by U.S. Probation. ORDER – Defendant shall remain on release conditions pending sentencing. Sentencing is set for 10/28/2016 at 10:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. The Court will assume 30 minutes is sufficient for sentencing unless the parties notify the Court 2 weeks in advance that more time will be needed. Simultaneously filed Sentencing Memos are due no later than 10/19/2016 by NOON. If the Sentencing Memos are not received on time or the Court is not advised that none will be filed, sentencing may be rescheduled. Counsel Present for Plaintiff: Scott Bradford.Counsel Present for Defendant: Rich Federico.(Court Reporter Amanda LeGore) (bb) (Entered: 06/30/2016) |
| 06/30/2016 | 48 | | Plea Petition and Order Entering Plea as to Defendant Hiep Cong Van signed by Judge Anna J. Brown. (bb) (Entered: 06/30/2016) |
| 06/30/2016 | 49 | | Plea Agreement as to Hiep Cong Van. (bb) (Entered: 06/30/2016) |
| 06/30/2016 | 50 | | Statement of Facts as to Hiep Cong Van. (bb) (Entered: 06/30/2016) |
| 06/30/2016 | 51 | | |

| | | | |
|---|---|---|---|
| | | | Order by Judge Anna J. Brown as to Hiep Cong Van. Jury Trial set for 8/2/2016 is STRICKEN. (bb) (Entered: 06/30/2016) |
| 08/08/2016 | 54 | | Order Modifying Conditions of Pretrial Release as to Defendant Hiep Cong Van.Signed on 08/08/2016 by Judge Anna J. Brown. (bb) (Entered: 08/08/2016) |
| 09/06/2016 | 55 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. At the request of the US Probation Officer, the Sentencing set for 10/28/2016 is VACATED and is RESET for 1/11/2017 at 09:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. Sentencing memos are now due no later than 01/04/2017 by NOON. (bb) (Entered: 09/06/2016) |
| 12/19/2016 | 59 | | Unopposed Motion to Continue / Reset *Sentencing Hearing* by Defendant Hiep Cong Van. (Federico, Richard) (Entered: 12/19/2016) |
| 12/19/2016 | 60 | | Declaration by Rich Federico regarding Unopposed Motion to Continue / Reset *Sentencing Hearing* 59 filed by Defendant Hiep Cong Van (Federico, Richard) (Entered: 12/19/2016) |
| 12/20/2016 | 61 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. Sentencing set for 1/11/2017 is VACATED and is RESET for 3/15/2017 at 09:00AM in Portland Courtroom 14A before Judge Anna J. Brown. Sentencing Memos are now due no later than 3/8/2017 by NOON. (rr) (Entered: 12/20/2016) |
| 01/25/2017 | 62 | | Notice of Attorney Substitution: Attorney Ruben Iniguez added for Hiep Cong Van in place and stead of Attorney Richard Edward Neel Federico. (Iniguez, Ruben) (Entered: 01/25/2017) |
| 02/01/2017 | 63 | | Unopposed Motion to Continue / Reset *Sentencing Hearing Date* by Defendant Hiep Cong Van. (Iniguez, Ruben) (Entered: 02/01/2017) |
| 02/06/2017 | 64 | | ORDER by Judge Anna J. Brown as to Hiep Cong Van (1) Granting Second Unopposed Motion to Continue Sentencing Hearing Date 63 . Sentencing set for 3/15/2017 is RESET for 5/31/2017 at 09:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. (rrr) (Entered: 02/06/2017) |
| 03/20/2017 | 72 | | Pretrial Release Violation Arrest Warrant Returned Executed on 3/16/17 as to Hiep Cong Van in Denver, Co.. (schm) (Entered: 03/21/2017) |
| 03/21/2017 | 73 | | Documents Received From Other Court as to Hiep Cong Van from District of Colorado (Denver) Case No: 1:17–mj–01054–KMT. (schm) (Entered: 03/22/2017) |
| 03/21/2017 | 74 | | Financial Affidavit – CJA23  (document filed under seal) by Hiep Cong Van (schm) (Entered: 03/22/2017) |
| 04/11/2017 | 76 | | **Minutes of Proceedings:** Pretrial Release Violation Hearing held on 4/11/2017 before Magistrate Judge Youlee Yim You as to Hiep Cong Van (USM #50324–048). Defendant admits he violated the conditions of pretrial release. Defendant's pretrial release is revoked and defendant is detained pending sentencing before Judge Anna J. Brown; see formal detention order filed separately. Counsel Present for Plaintiff: Scott Bradford. Counsel Present for Defendant: Michelle Sweet for Ruben Iniguez. (Court Reporter Jill Jessup) (pvh) (Entered: 04/11/2017) |

| 04/11/2017 | 77 | | **Order of Detention** as to Hiep Cong Van (1). Signed on 4/11/2017 by Magistrate Judge Youlee Yim You. (pvh) (Entered: 04/11/2017) |
|---|---|---|---|
| 05/15/2017 | 82 | | Motion to Continue / Reset *Sentencing Hearing Date* by Defendant Hiep Cong Van. (Iniguez, Ruben) (Entered: 05/15/2017) |
| 05/15/2017 | 83 | | Declaration by Ruben Iniguez regarding Motion to Continue / Reset *Sentencing Hearing Date* 82 filed by Defendant Hiep Cong Van (Iniguez, Ruben) (Entered: 05/15/2017) |
| 05/17/2017 | 88 | | ORDER by Judge Anna J. Brown. Granting Defendant's Third Motion to Continue Sentencing 82 as to Hiep Cong Van (1). Sentencing previously set for 5/31/17 is continued to 9/13/2017 at 10:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. Sentencing memos are now due no later than 9/6/17. (jy) (Entered: 05/17/2017) |
| 09/06/2017 | 92 | | Scheduling Order by Judge Anna J. Brown as to Hiep Cong Van. The Court, at the request of counsel, reschedules the Sentencing for 11/15/2017 at 11:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. The previous date of 9/13/17 is VACATED. (jy) (Entered: 09/06/2017) |
| 10/25/2017 | 94 | | Sentencing Memorandum filed by USA as to Hiep Cong Van, Thy Minh Phan *Government's Consolidated Sentencing Memorandum* (Bradford, Scott) (Entered: 10/25/2017) |
| 11/08/2017 | 100 | | Unopposed Motion to Continue / Reset *Sentencing Hearing* by Defendant Hiep Cong Van. (Iniguez, Ruben) (Entered: 11/08/2017) |
| 11/09/2017 | 102 | | ORDER by Judge Anna J. Brown granting Motion 100 to Continue as to Hiep Cong Van (1). Sentencing is continued to 12/7/2017 at 11:00 AM in Portland Courtroom 14A before Judge Anna J. Brown. The previous hearing date of 11/15/17 is VACATED. (jy) (Entered: 11/09/2017) |
| 11/29/2017 | 103 | | Sentencing Memorandum by Hiep Cong Van (Iniguez, Ruben) (Entered: 11/29/2017) |
| 12/07/2017 | 105 | | **Minutes of Proceedings:** Sentencing Hearing before Judge Anna J. Brown as to Defendant Hiep Cong Van. See Formal Judgment. Defendant advised of right to appeal. Counsel Present for Plaintiff: Scott Bradford. Counsel Present for Defendant: Ruben Iniguez. Restraint Order: NR. (Court Reporter Nancy Walker) (jy) (Entered: 12/11/2017) |
| 12/12/2017 | 106 | | **JUDGMENT AND COMMITMENT** as to Hiep Cong Van (1), Count(s) 1, and 27, SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty–Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27; Count(s) 12–19, 20, 21–26, 28–31, DISMISSED, signed on 12/12/17 by Judge Anna J. Brown. (schm) (Entered: 12/13/2017) |
| 12/12/2017 | 107 | | **AMENDED Statement of Reasons** as to Hiep Cong Van (**NOTE: This document is filed under seal and access is restricted to counsel of record**) signed on 12/12/17 by Judge Anna J. Brown. (schm) Modified on 12/13/2017, See Administrative Correction to the Record. #108 (schm). Modified on |

| | | | |
|---|---|---|---|
| | | | 7/23/2018to seal (schm). (Entered: 12/13/2017) |
| 12/12/2017 | 109 | | Statement of Reasons as to Hiep Cong Van (**NOTE:** This document is filed under seal and access is restricted to counsel of record) signed on 12/12/17 by Judge Anna J. Brown. (schm) (Entered: 12/13/2017) |
| 12/13/2017 | 108 | | Administrative Correction of the Record: A clerical error pursuant to Fed. R. Crim. P 36 has been discovered in the case record referencing document 107 and the Clerk is directed to make the following administrative corrections to the record and, if necessary, regenerate the Notice of Electronic Filing to all parties: incorrect document attached to this entry. Entry will remain sealed. by Judge Anna J. Brown. (schm) (Entered: 12/13/2017) |
| 12/28/2017 | 111 | | **AMENDED JUDGMENT AND COMMITMENT** as to Hiep Cong Van (1), Count(s) 1, Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty–Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27; Count(s) 12–19, 20, 21–26, 28–31, DISMISSED; Count(s) 27, Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty–Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27 signed on 12/28/17 by Judge Anna J. Brown. (schm) (Entered: 01/08/2018) |
| 02/27/2018 | 113 | | **SECOND AMENDED JUDGMENT AND COMMITMENT** as to Hiep Cong Van (1), Count(s) 1, Second Judgment Amended 2/27/18, for Modification of Restitution Order. RESTITUTION: $2,906,874.00 Joint and Several. Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty–Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27; Count(s) 12–19, 20, 21–26, 28–31, DISMISSED; Count(s) 27, Second Judgment Amended 2/27/18, for Modification of Restitution Order. RESTITUTION: $2,906,874.00 Joint and Several. Judgment Amended 12/28/17, for Modification of Supervision Conditions. SENTENCING DATE: 12/07/17; IMPRISONMENT: Thirty–Seven (37) months on each of counts 1 and 27 to run concurrently to each other; SUPERVISED RELEASE: Three (3) years on each of counts 1 and 27 to run concurrently to each other. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison; RESTITUTION: $2,906,874.00; SPECIAL ASSESSMENT: $100.00 for each of counts 1 and 27 Signed on 2/27/18 by Judge Anna J. Brown. (schm) (Entered: 02/27/2018) |

| 02/12/2020 | 114 | | Supervised Release Jurisdiction Transferred Out to District of Colorado as to Hiep Cong Van. (sb) (Entered: 02/12/2020) |
|---|---|---|---|

FILED 04 NOV '15 15:14 USDC-ORP

**UNDER SEAL**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

UNITED STATES OF AMERICA,

v.

HIEP CONG VAN, and
THY MINH PHAN,

Defendants.

3:15-CR-00394-BR

**INDICTMENT**

18 U.S.C. §§ 1341, 1343,
1349, 1956(h), and 1957

Forfeiture Allegations

**UNDER SEAL**

### THE GRAND JURY CHARGES:

Beginning in or about September 2012 and continuing through the date of this
indictment, defendants Hiep Cong Van and Thy Minh Phan tricked R.W. into loaning them more
than $3 million by falsely promising R.W. that they would use R.W.'s money to operate a
landscaping business in Colorado and to pay for defendant Hiep Cong Van's alleged legal issues.
To entice R.W., defendants Hiep Cong Van and Thy Minh Phan falsely promised they would pay
interest on the money R.W. loaned them for the landscaping business and defendant Hiep Cong
Van's alleged legal issues. Primarily, defendants used R.W.'s money to gamble at casinos in Las
Vegas, including Aria, Bellagio, Caesars Palace, and MGM Grand, rather than as they promised.
Defendants spent approximately $2.5 million at casinos, and R.W. lost more than $2.5 million.

///

///

///

## INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.      Defendant Hiep Cong Van, aka Mike Van, (hereinafter defendant Van) was a resident of Highlands Ranch, Colorado, and owned and operated Aspen Valley Landscape, Artistic Landscape and Design, and Mike Van's Lawn Service.

2.      Defendant Thy Minh Phan (hereinafter defendant Phan) was a resident of Walla Walla, Washington, and was employed as a manicurist at Savy Nails in Walla Walla, Washington.

3.      United Parcel Service (hereinafter UPS) is a private commercial interstate carrier for purposes of 18 U.S.C. § 1341.

4.      Bank of America, First Bank, Aria, Bellagio, Caesars Palace, and MGM Grand are financial institutions under 18 U.S.C. § 20 and 31 U.S.C. § 5312.

## COUNT ONE
### (Conspiracy to Commit Mail and Wire Fraud)
### (18 U.S.C. § 1349)

5.      Paragraphs One through Four of the Introductory Allegations are incorporated herein.

6.      Beginning in or about September 2012 and continuing through the date of this indictment, in the District of Oregon and elsewhere, defendants Van and Phan and others, known and unknown, knowingly and willfully conspired, combined, confederated, and agreed with each other and with others, known and unknown, to commit mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343.

**INDICTMENT** – *United States v. Hiep Cong Van, et al.*                    **Page 2**

## MANNER AND MEANS AND SCHEME TO DEFRAUD

7.     Defendants Van and Phan and others, known and unknown, used the following manner and means to carry out the conspiracy and scheme to defraud:

8.     Between 2012 and 2015, defendants Van and Phan contacted R.W., a retiree in Oregon, allegedly to obtain loans for defendant Van's landscaping business in Colorado and to pay for defendant Van's alleged legal troubles. R.W. was a former customer of defendant Van's landscaping business in Colorado. After retiring, R.W. moved to Oregon.

9.     Defendants Van and Phan claimed that defendant Van's landscaping business was struggling financially and that they sought loans from R.W. to use for the landscaping business. At one point, defendant Van acted as if his financial circumstances were so dire that he was contemplating suicide. Defendants Van and Phan claimed they would use R.W.'s money for advertising, fuel, payroll, a down payment to purchase a truck, and other business expenses, and they promised to pay interest on the loans.

10.     On several occasions, defendants Van and Phan contacted R.W. for additional loans, claiming defendant Van was going through a divorce, had legal troubles, including criminal charges, and needed money for legal fees and bail. Again, defendants Van and Phan promised they would repay R.W. with interest. Defendants Van and Phan often claimed that defendant Van was incarcerated and would remain incarcerated or that he would be incarcerated if R.W. did not loan them more money to cover legal fees, bond, or bail payments. Defendants Van and Phan told R.W. that defendant could not work, and, therefore, could not earn money to repay R.W., if defendant Van was incarcerated.

11.     R.W. mailed defendants Van and Phan multiple contracts for the loans that provided that defendants Van and Phan would use the money for defendant Van's landscaping

**INDICTMENT** – *United States v. Hiep Cong Van, et al.*                          **Page 3**

business and his legal troubles and that they would pay interest on loans. Defendants Van and Phan signed the contracts and mailed them from Colorado and Nevada to R.W. in Oregon.

      12.     Defendants Van and Phan communicated with R.W. through phone calls, emails, and text messages.

      13.     Based on defendant Van's and defendant Phan's representations about defendant Van's struggling business, marital issues, legal troubles, and their alleged use of R.W.'s money, R.W. loaned defendants Van and Phan more than $3 million, which was the majority of the money R.W. had saved for retirement.

      14.     R.W. transferred money via wire to defendants Van and Phan in Colorado and Nevada. R.W. also purchased cashier's checks and sent them via UPS to defendants Van and Phan in Colorado and Nevada.

      15.     Defendants Van and Phan intentionally misled R.W. about their need and use of R.W.'s money. They did not use it for defendant Van's business, and defendant Van did not need the money for his legal troubles, bail, or bond. Rather, defendants Van and Phan lied to R.W. in order to fund their gambling at a variety of casinos in Las Vegas, Nevada, including Aria, Bellagio, Caesars Palace, and MGM Grand.

      16.     Defendants Van and Phan spent more than $2.5 million of R.W.'s money at casinos in Las Vegas, Nevada. Defendants Van and Phan withdrew cash from bank accounts after R.W. transferred money to those bank accounts to be used for defendant Van's landscaping business and legal issues, and they used that cash to gamble at casinos in Las Vegas, Nevada. Defendants Van and Phan also deposited some of the cashier's checks that R.W. sent them for defendant Van's landscaping business and legal issues at casinos in Las Vegas, Nevada, and used the proceeds to gamble.

**INDICTMENT – *United States v. Hiep Cong Van, et al.***                 **Page 4**

17.     To lull R.W. throughout the scheme and to maintain the scheme, defendants Van and Phan made some "interest" payments to R.W.

18.     Defendants Van and Phan took steps to actively conceal the use of R.W.'s money and the existence of the conspiracy.

19.     Based on defendant Van's and defendant Phan's fraudulent conduct, R.W. lost more than $2.5 million.

All in violation of 18 U.S.C. § 1349.

**COUNTS TWO THROUGH ELEVEN**
**(Mail Fraud)**
**(18 U.S.C. § 1341)**

20.     Paragraphs One through Four of the Introductory Allegations and paragraphs Eight through Nineteen of the Manner and Means and Scheme to Defraud of Count One are incorporated herein.

21.     On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendants Van and Phan, for purposes of attempting to execute and executing the above-described scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowingly caused the following items to be sent and delivered by the United States Postal Service or by UPS, a private commercial interstate carrier:

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 2 | January 3, 2014 | Three cashier's checks totaling $12,000 to be sent and delivered by UPS from St. Louis, Missouri, to Las Vegas, Nevada. |
| 3 | February 24, 2014 | Ten cashier's checks totaling $77,000 to be sent and delivered by UPS from Newport, Oregon, to Las Vegas, Nevada. |
| 4 | February 28, 2014 | A "Contract to Repay Money with Interest" to be sent and delivered by the United States Postal Service from Las Vegas, Nevada, to Gleneden Beach, Oregon. |

**INDICTMENT –** *United States v. Hiep Cong Van, et al.*                    **Page 5**

| 5 | March 11, 2014 | Two cashier's checks totaling $68,000 to be sent and delivered by UPS from Newport, Oregon, to Highlands Ranch, Colorado. |
| 6 | May 8, 2014 | Two cashier's checks totaling $150,000 to be sent and delivered by UPS from Newport, Oregon, to Las Vegas, Nevada. |
| 7 | May 29, 2014 | A "Contract to Repay Money with Interest" to be sent and delivered by the United States Postal Service from Highlands Ranch, Colorado, to Gleneden Beach, Oregon. |
| 8 | August 29, 2014 | Four cashier's checks totaling $280,000 to be sent and delivered by UPS from Newport, Oregon, to Las Vegas, Nevada. |
| 9 | September 8, 2014 | Four cashier's checks totaling $325,000 to be sent and delivered by UPS from Newport, Oregon, to Las Vegas, Nevada. |
| 10 | September 11, 2014 | A "Contract to Repay Money with Interest" to be sent and delivered by the United States Postal Service from Las Vegas, Nevada, to Gleneden Beach, Oregon. |
| 11 | January 7, 2015 | One cashier's checks totaling $12,000 to be sent and delivered by UPS from Lincoln City, Oregon, to Highlands Ranch, Colorado. |

All in violation of 18 U.S.C. § 1341.

## COUNTS TWELVE THROUGH NINETEEN
### (Wire Fraud)
### (18 U.S.C. § 1343)

22.     Paragraphs One through Four of the Introductory Allegations and paragraphs

Eight through Nineteen of the Manner and Means and Scheme to Defraud of Count One are

incorporated herein.

23.     On or about the dates set forth below in each Count, in the District of Oregon and

elsewhere, defendants Van and Phan, for purposes of attempting to execute and executing the

above-described scheme to defraud and for obtaining money and property by means of

///

///

///

**INDICTMENT – *United States v. Hiep Cong Van, et al.*** **Page 6**

materially false and fraudulent pretenses, representations, promises, and omissions, knowingly

caused the following communications via interstate wire:

| COUNT | DATE | DESCRIPTION OF EXECUTION |
|---|---|---|
| 12 | September 14, 2012 | A $15,000 transfer via wire from an account at Bank of America in Oregon to an account at FirstBank in Colorado. |
| 13 | October 1, 2012 | A $15,000 transfer via wire from an account at Bank of America in Oregon to an account at FirstBank in Colorado. |
| 14 | October 22, 2013 | A $2,000 transfer via wire from an account at Bank of America in Oregon to an account at Bank of America in Nevada. |
| 15 | November 22, 2013 | A $5,000 transfer via wire through Western Union from Oregon to Nevada. |
| 16 | March 4, 2014 | A text message/email sent to R.W. asking for a loan in the amount of $67,500. |
| 17 | April 21, 2014 | A text message/email sent to R.W. asking for a loan in the amount of $150,000. |
| 18 | January 7, 2015 | An email sent to R.W. asking for a loan in the amount of $12,000. |
| 19 | January 9, 2015 | An email sent to R.W. asking for a loan in the amount of $15,000. |

All in violation of 18 U.S.C. § 1343.

### COUNT TWENTY
### (Conspiracy to Commit Money Laundering)
### (18 U.S.C. § 1956(h))

24.     Paragraphs One through Four of the Introductory Allegations and paragraphs

Eight through Nineteen of the Manner and Means and Scheme to Defraud of Count One are

incorporated herein.

25.     Beginning in or about 2012 and continuing through the date of this indictment,

defendants Van and Phan and others, known and unknown, did knowingly combine, conspire,

and agree with each other and with others, known and unknown, to knowingly engage and to

attempt to engage in monetary transactions by, through, or to a financial institution, affecting

interstate and foreign commerce, in criminally derived property of a value greater than $10,000

**INDICTMENT – *United States v. Hiep Cong Van, et al.***                              **Page 7**

that was derived from a specified unlawful activity (mail and wire fraud) in violation of 18
U.S.C. § 1957.

## MANNER AND MEANS OF THE CONSPIRACY

26.     The manner and means used to accomplish the objectives of the conspiracy
included, among others, the following:

27.     From 2012 through the date of this indictment, defendants Van and Phan and
others, known and unknown, engaged in the scheme to defraud set forth in Count One of this
indictment, earning more than $3 million from that scheme.

28.     Defendants Van and Phan and others took steps, and caused others to take steps,
to conceal the existence of the conspiracy.

29.     Defendants Van and Phan and others engaged in or caused the financial
transactions alleged in Counts Twenty-One through Thirty-One, each involving more than
$10,000 from proceeds of the scheme to defraud described in Count One.

All in violation of 18 U.S.C. § 1956(h).

## COUNTS TWENTY-ONE THROUGH THIRTY-ONE
### (Money Laundering)
### (18 U.S.C. § 1957)

30.     Paragraphs One through Four of the Introductory Allegations and paragraphs
Eight through Nineteen of the Manner and Means and Scheme to Defraud of Count One are
incorporated herein.

31.     On or about the dates set forth below in each Count, in the District of Oregon and
elsewhere, defendants Van and Phan knowingly engaged in and attempted to engage in a
monetary transaction, by, through, and to a financial institution, in and affecting interstate

**INDICTMENT** – *United States v. Hiep Cong Van, et al.*                     **Page 8**

commerce, in criminally derived property that was of a value greater than $10,000 and was

derived from a specified unlawful activity (mail and wire fraud):

| COUNT | DATE | DESCRIPTION OF MONETARY TRANSACTION |
|-------|------|--------------------------------------|
| 21 | September 14, 2012 | A $14,000 cash withdrawal from an account at FirstBank. |
| 22 | October 1, 2012 | A $15,000 cash withdrawal from an account at FirstBank. |
| 23 | October 25, 2012 | An $18,000 cash withdrawal from an account at FirstBank. |
| 24 | January 3, 2014 | The cashing of three checks totaling $12,000. |
| 25 | February 25, 2014 | The deposit of nine cashier's checks totaling $72,000 at Caesars Palace. |
| 26 | March 12, 2014 | The deposit of a cashier's check in the amount of $43,000 at Caesars Palace. |
| 27 | May 9, 2014 | The deposit of two cashier's checks totaling $150,000 at Caesars Palace. |
| 28 | September 5, 2014 | The deposit of two cashier's checks totaling $140,000 at Aria. |
| 29 | September 11, 2014 | The deposit of two cashier's checks totaling $160,000 at Aria. |
| 30 | September 13, 2014 | The deposit of a cashier's check totaling $85,000 at Aria. |
| 31 | January 8, 2015 | The deposit of a cashier's check in the amount of $12,000 at MGM Grand. |

All in violation of 18 U.S.C. §§ 1957 and 2.

### FIRST FORFEITURE ALLEGATION
### (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Upon conviction of one or more of the offenses alleged in Counts One through Nineteen

of this indictment, defendants Van and Phan shall forfeit to the United States pursuant to 18

U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from

proceeds obtained directly or indirectly as a result of the said violations, including but not limited

to a money judgment for a sum of money equal to the amount of property involved in the

conspiracy.

**INDICTMENT – *United States v. Hiep Cong Van, et al.*** **Page 9**

**SECOND FORFEITURE ALLEGATION**
**(18 U.S.C. §§ 982(a)(1) and 982(b))**

Upon conviction of the offenses alleged in Counts Twenty through Thirty-One of this indictment, defendants Van and Phan shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in those offenses.

If the above-described forfeitable property, as a result of any act or omission of defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture substitute property pursuant to 21 United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated this __3__ day of November 2015.

A TRUE BILL

_____
OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
Acting United States Attorney

_____
SCOTT E. BRADFORD, OSB #062824
Assistant United States Attorney

**INDICTMENT** – *United States v. Hiep Cong Van, et al.*               **Page 10**

AO 245B    Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
Sheet 1

**Date of Original Judgment: December 7, 2017**
(Or Date of Last Amended Judgment)
**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to
   ○ 28 U.S.C. § 2255 or
   ○ 18 U.S.C. § 3559(c)(7)

☒ Modification of Restitution Order (18 U.S.C. § 3664)

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| Plaintiff, | |
| **v.** | Case No.: 3:15-CR-00394-1-BR |
| | USM Number: 50324-048 |
| **HIEP CONG VAN** | |
| Defendant. | Ruben L. Iniguez, |
| | Defendant's Attorney |
| | |
| | Scott E. Bradford, |
| | Assistant U.S. Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 27 of the Indictment.

The defendant is adjudicated guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:1349 CONSPIRACY TO COMMIT MAIL AND WIRE FRAUD | Beginning on or about 9/1/2012 and continuing until 11/4/2015 | 1 |
| 18:1957 and 2 MONEY LAUNDERING | 5/9/2014 | 27 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)  and is discharged as to such count(s).

☒ Count(s) 2-26 and 28-31 are dismissed on the motion of the United States.

☒ The defendant shall pay a special assessment in the amount of $200.00 for Count(s) 1 and 27 payable immediately to the Clerk of the U.S. District Court. (See also the Criminal Monetary Penalties Sheet.)

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

February 27, 2018
Date of Imposition of Sentence

_____
Signature of Judicial Officer

Anna J. Brown, U.S. Senior District Judge
Name and Title of Judicial Officer

February 27, 2018
Date

AO 245B   Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
Sheet 2 - Imprisonment

DEFENDANT: HIEP CONG VAN                                    Judgment-Page **2** of 7
CASE NUMBER: 3:15-CR-00394-1-BR

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of **37 months on each of counts 1 and 27 to run concurrently to each other.**

☒The court makes the following recommendations to the Bureau of Prisons:

1.   That the defendant be incarcerated in FCI Englewood, CO.  After the period of incarceration, Defendant is to be released directly to a Residential Reentry Center for a period of 12 months.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the custody of the United States Marshal for this district:

  ☐ at _____ on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

> The Bureau of Prisons will determine the amount of prior custody that may be credited towards the service of sentence as authorized by Title 18 USC §3585(b) and the policies of the Bureau of Prisons.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

AO 245B      Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
                Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: HIEP CONG VAN | Judgment-Page **3** of 7 |
| CASE NUMBER: 3:15-CR-00394-1-BR | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years on each of counts 1 and 27 to run concurrently to each other**. Defendant ordered to receive an updated mental health and addiction diagnosis once released from prison.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        **☒ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
          Sheet 3A - Supervised Release

DEFENDANT: HIEP CONG VAN                            Judgment-Page **4** of 7
CASE NUMBER: 3:15-CR-00394-1-BR

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

DEFENDANT: HIEP CONG VAN                                         Judgment-Page **5** of 7
CASE NUMBER: 3:15-CR-00394-1-BR

## SPECIAL CONDITIONS OF SUPERVISION

1. If the judgment imposes a financial penalty, including any fine or restitution, you must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect your ability to pay this financial penalty.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. You must not make application for any loan, or enter into any residential or business lease agreement, without the prior approval of the probation officer.

5. You must maintain a single checking account and/or savings account in your own name. You must deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. You must disclose all other accounts to the probation officer.

6. You must not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and you must not enter any casino or other establishment where gambling is the primary purpose (e.g., horse race tracks, off-track betting establishments).

7. You must participate in a gambling addiction treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

8. You must not communicate, or otherwise interact, with the victim , either directly or through someone else, without first obtaining the permission of the probation officer.

9. You must reside in and participate in the programs of a residential reentry center for a term of 12 months. You must follow the rules and regulations of the center.

AO 245B     Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
            Sheet 5 - Criminal Monetary Penalties

DEFENDANT: HIEP CONG VAN                                                    Judgment-Page 6 of 7
CASE NUMBER: 3:15-CR-00394-1-BR

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | Assessment (as noted on Sheet 1) | Fine | Restitution | TOTAL |
|---|---|---|---|---|
| **TOTALS** | $200.00 |  | $2,906,874.00 | $2,907,074.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss[1] | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Victim information in the Statement of Reasons | $ | $2,906,874.00 |  |
| **TOTALS** | $ 0.00 | $2,906,874.00 |  |

☐ If applicable, restitution amount order pursuant to plea agreement: $_____.

☒ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that

☐ The interest is waived for the ☐ fine and/or ☐ restitution.

☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

┌─────────────────────────────────────────────────────────────────────────────┐
│ Any payment shall be divided proportionately among the payees named unless otherwise specified. │
└─────────────────────────────────────────────────────────────────────────────┘

---

[1] Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B          Judgment in a Criminal Case - DISTRICT OF OREGON CUSTOMIZED (Rev. 9/2017)
                 Sheet 6 - Schedule of Payments

DEFENDANT: HIEP CONG VAN                                                        Judgment-Page **7** of 7
CASE NUMBER: 3:15-CR-00394-1-BR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment[2] of the total criminal monetary penalties shall be as follows:

   **A.**  ☒ Lump sum payment of $2,907,074.00 due immediately, balance due
           ☐ not later than _____, or
           ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or
   **B.**  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or
   **C.**  ☐ If there is any unpaid balance at the time of defendant's release from custody, it shall be paid in monthly installments
           of not less than $_____, or not less than 10% of the defendant's monthly gross earnings, whichever is greater, until
           paid in full to commence immediately upon release from imprisonment.
   **D.**  ☐ Any balance at the imposition of this sentence shall be paid in monthly installments of not less than $, or not less than
           10% of the defendant's monthly gross earnings, whichever is greater, until paid in full to commence immediately.
   **E.**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the Court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment,
payment of criminal monetary penalties, including restitution, shall be due during the period of imprisonment as follows:  (1) 50% of
wages earned if the defendant is participating in a prison industries program; (2) $25 per quarter if the defendant is not working in a
prison industries program.

It is ordered that resources received from any source, including inheritance, settlement, or any other judgment, shall be applied to any
restitution or fine still owed, pursuant to 18 USC § 3664(n).

All criminal monetary penalties, including restitution, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the Clerk of Court at the address below, unless otherwise directed by the Court, the
Probation Officer, or the United States Attorney.

> **Clerk of Court**
> **U.S. District Court - Oregon**
> **1000 S.W. 3rd Ave., Ste. 740**
> **Portland, OR  97204**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**\*\*☒ Joint and Several**

**\*\*Case Number 15-394-BR**
**Defendant and Co-Defendant**
**Names Thy Minh Phan #2**
(including Defendant number)      **Total Amount - $2,906,874.00      Joint and Several Amount**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court costs:

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

---

[2] Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| PROB 22<br>(Rev. 2/88) | | DOCKET NO. (Trans Court)<br>3:15CR00394-001-BR |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NO. (Rec. Court)<br>20-cr-00032-RM |

| NAME OF PROBATIONER/SUPERVISED RELEASEE<br><br>HIEP CONG VAN | DISTRICT<br>Oregon | DIVISION<br>Portland |
|---|---|---|
| | NAME OF SENTENCING JUDGE<br><br>The Honorable Anna J. Brown | |

| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>8/30/19 | TO<br>8/30/22 |
|---|---|---|---|

OFFENSE

Conspiracy to Commit Mail Fraud; 18 U.S.C. § 1349 and Money Laundering 18 U.S.C. § 1957

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

IT IS HEREBY ORDERED that pursuant to 18 U.S.C. § 3605 the jurisdiction of the supervised releasee named above be transferred with the records of this Court to the U.S. District Court for the District of Colorado upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 1/7/2020 | |
|---|---|
| Effective Date | United States District Judge |

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 1/24/2020 | |
|---|---|
| Effective Date | United States District Judge |