IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.:  20-CR-32-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

HIEP CONG VAN,

Defendant.

ORDER OF DETENTION

This matter came before the Court for a detention hearing on August 5, 2022. Assistant United States Attorney Weiss represented the Government and Counsel Hartford represented the Defendant.  This matter appears in the following posture: Defendant is alleged to have violated the terms of supervised release.  Defendant is in custody after an arrest warrant was issued for Defendant's arrest based on a petition for issuance of an arrest warrant due to alleged violations of supervised release by U.S. Probation.  After considering:

The contents of the file;
The arguments, evidence, and offer of proof from the contested detention hearing;
The petition for issuance of an arrest warrant and any attached statement;
The fact that Defendant waived a preliminary hearing thus establishing probable cause for each alleged violation; and
The electronic record in CM/ECF.

I ORDER the Defendant detained.  Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143, the defense has the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

Defendant is before the Court for alleged supervised release violations. The Court made an extensive record at the detention hearing as to why there is no condition or combination of conditions that will ensure the safety of the public from Defendant's continued attempts to commit fraud and theft from numerous individuals.  That record is fully incorporated herein.  The Defendant, through the current course of his supervised release, and while supposedly excelling during treatment for a gambling addiction, has continued his financial machinations, gambling, and other behavior.  The Defendant seems to cleverly find ways around the banking system and the guardrails Probation has put in place to try and stop just this behavior.  While Defendant was on conditions of release in the underlying matter, he violated and had revoked those conditions of release for almost exactly the same conduct.

As a result, after considering all of these factors, I do not find that the Defense has proven by clear and convincing evidence that the Defendant is not a danger to the community nor that there would be any conditions that could make him so.

Accordingly, it is hereby **ORDERED** that the Defendant is detained as a danger to the community.

**ORDERED** that Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that Defendant shall be afforded reasonable opportunity for private consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated, August 5, 2022.

_____
Gordon P. Gallagher
United States Magistrate Judge

3